UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD SMITH, JR.,

    Plaintiff,

v.

C. WIGER, *et al.*,

    Defendants.

Cause No. C22-1654RSL

ORDER REQUIRING A MORE DEFINITE STATEMENT

On November 28, 2022, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. Plaintiff identifies four City of Auburn police officers and three King County Superior Court judges as defendants. He alleges that King County Commissioner Mark Hillman signed an order allowing Officers C. Wiger, G. Lyons, J. Triplett, and J. Matt to remove plaintiff's child from his home based on uninvestigated and untrue allegations made by his ex-partner, that King County Judge Matthew Williams failed to "ask an important question that [plaintiff] needed to be asked" in a case involving plaintiff's ex-partner (Dkt. # 4 at 6), and that King County Judge Jamie Sutton failed to make sufficiently clear that, in light of an existing protective order, his ex-partner had to ask plaintiff questions through the Judge and not directly. Plaintiff asserts claims under 42 U.S.C. § 1983 and seeks to hold his ex-partner responsible for the lies she told to the courts, to have the restraining order against him dismissed, money damages of $1 million, and to have his reputation as a parent restored.

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 1

The Court, having reviewed the record as a whole under the standards articulated in 28 U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (*see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's complaint is deficient for the following reasons:

1. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. With regards to the police officer defendants, the only allegation is that they carried out a court order, conduct which does not, without more, give rise to legal liability.

2. To the extent plaintiff is asserting claims against judicial officers directly, "[i]t has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity is "absolute" in that it protects the decisionmaker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "[V]arious forms of immunity, including . . . judicial, reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." *Schrob v. Catterson*,

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 2

967 F.2d 929, 937 (3rd Cir. 1992). Immunity is particularly appropriate in situations, such as this, where procedural or substantive errors can be challenged through a motion for reconsideration and/or on appeal: resort to a separate lawsuit is unnecessary. *Mitchell v. Forsyth*, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results.").[1]

For all of the foregoing reasons, the Court declines to issue a summons in this matter. Plaintiff is hereby ORDERED to file on or before January 17, 2023, an amended complaint which clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing facts from which one could plausibly infer that plaintiff has a viable legal claim and a right to relief against each defendant. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

//

---

[1] If, on the other hand, plaintiff is seeking review of the state court's judgments, such as the issuance of a temporary restraining order, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine arises from 28 U.S.C. § 1257 which grants jurisdiction to review a state court judgment in the United States Supreme Court and, by negative inference, prohibits lower federal courts from doing so. *Kougasian v .TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 3

1 | The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, January 20, 2023.

Dated this 15th day of December, 2022.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUIRING A MORE
DEFINITE STATEMENT - 4